(No. 74-CV-12-

IN RE APPLICATION OF HAMIT JUSUFI.

*Opinion filed September 8, 1976.*

MARTIN CASSELL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; PEGGY BASTAS, Assistant Attorney General.

PER CURIAM.

This claim arises out of an alleged crime that took place on November 5, 1973, at 212 S. LaSalle Street, Aurora. The Claimant seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill. Rev.Stat., 1973, Chapter 70, Section 71, et seq.) (hereafter referred to as the "Act").

The issues in this case are whether (1) the assault on the Claimant was provoked by him, (2) the injuries received were the proximate result of the criminal assault, and (3) whether the Claimant cooperated fully with the law enforcement officials in the apprehension and prosecution of the assailant.

The facts were that on the evening of November 5, 1973, the Claimant met two men and two women who were acquaintances of his at a restaurant and was invited to the apartment of one of the men. The entire group went to this person's apartment. After having some coffee and conversation, the Claimant asked to go

home. The group then went to Claimant's automobile and the Claimant was driven home by one of the acquaintances.

On the way to the Claimant's home, the automobile occupied by the parties struck a parked car and received minor property damage. No one was injured.

The Claimant was driven home, arriving about 10 p.m. The two men and two women left and the Claimant went to bed and fell asleep.

About one hour later, the Claimant was awakened from his sleep by repeated knocks on the door. Upon opening the door he saw the people with whom he had spent the early part of the evening. One man had a chain in his hand with which he struck the Claimant on the head. The Claimant fell to the floor and was severely beaten into unconsciousness.

The police were called by the owner of the building who heard the noise and the Claimant was taken to a hospital where he stayed overnight.

The Claimant was unable to work for the next three days because of pain in his right side and blood in his urine. On the fourth day, he worked a few hours but after arriving home he collapsed and was taken to the hospital. His condition was diagnosed as a ruptured kidney and an operation was performed removing the kidney.

As to the first issue, that of possible provocation, there was no evidence of such provocation. There were, however, various contradictory statements in police and hospital records. However, this Court is of the opinion that any contradictory statements were the result of the Claimant's obvious difficulty with the English language. Indeed, his court testimony, even with an interpreter, was difficult to follow.

There being no actual evidence of provocation, this

Court finds that the assault on the Claimant was unprovoked.

As to the second issue, that of proximate cause, the evidence was clear. The Claimant's physician testified that it was her opinion that the removal of the kidney was the proximate result of the beating described. There was no evidence that the automobile accident resulted in any injury whatsoever.

As to the third issue, the facts were that the Claimant talked to the police after he recovered his senses in the hospital but did not sign a complaint. He did however sign a complaint two days later and appeared at the trial of the criminal complaint and the assailants were thereby convicted of disorderly conduct.

The Court therefore finds that the Claimant cooperated fully with the law enforcement officials.

The Court further finds that the Claimant was a victim of a violent crime as defined in Section 2(c) of the Act, to wit: "Aggravated Battery", (Ill.Rev.Stat., 1975, Chapter 38, Section 12-4).

The Court further finds that the Claimant and his assailants were not related nor did they share the same household.

The Claimant incurred medical and hospital expenses in the amount of $3,347.70.

The Claimant worked for the Aurora County Club as a kitchen aid. He earned $2.75 per hour for a 48 hour week. He missed one month of work full time and missed three hours per day for two additional weeks.

Section 4 of the Act provides:

Loss of earnings . . . shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less. . . .

In this case only $500.00 per month may be considered as lost earnings. By this method the victim lost $666.00 in earnings.

The total amount of his loss is therefore $4,013.70.

In determining the amount of compensation to which an applicant is entitled, the Court must first deduct $200.00 as provided in Section 7 of the Act.

After deducting the statutory deduction of $200.00 the compensation due to the claimant is computed at $3,813.70.

It Is HEREBY ORDERED that the sum of $3,813.70 be awarded to the Claimant, Hamit Jusufi, an innocent victim of a violent crime.