(No. 75-CV-346— )

IN RE APPLICATION OF RUTH LONGSTREET SOLE.

*Opinion filed November 1, 1976.*

ALAN KAWITT, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense that occurred on October 13, 1974, at 325 West 115th Street, Chicago. Ruth Longstreet Sole, mother of the deceased victim, Charles E. Longstreet, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, §71, et seq. (hereafter referred to as the "Act").

The sole contested issues presented to the Court were whether the burial expenses claimed were reasonable under the Act and whether the Claimant was dependent upon the deceased victim for her support.

The facts, other than those relating to the question of dependency, were undisputed. On the evening of October 13, 1974, at approximately 6:30 p.m. the victim was a patron of Smitty's Crib #2, located at 325 West 115th Street, Chicago. He was seated at the bar when several men entered the tavern and announced a hold-up. All of the patrons were forced to lie on the floor and each patron was robbed. As the assailants were departing the tavern they began shooting and the victim who was lying at the front of the premises was shot several times. He was transported to Roseland Community Hospital where he was pronounced dead on arrival. Three men were

arrested for the murder of the victim and at the time of the hearing were awaiting trial. There is no evidence that the victim in any way provoked the attack upon himself nor is there any evidence that the victim and his assailants were related or shared the same household.

The Claimant has cooperated with law enforcement authorities to the best of her ability.

With regard to the funeral expenses, the Claimant claims as follows:

| | |
|---|---:|
| Angelus Funeral Home for funeral | $2,394.00 |
| Flowers purchased | 350.00 |
| Cost of inquest | 30.60 |
| Burial suit | 125.00 |
| Total: | $2,899.60 |

Although the Court is reluctant to question the funeral expenses sustained by a Claimant, the Court is compelled by Section 3(a) of the Act, which states that the compensation be: "only for reasonable funeral and medical expenses for the victim", to look at the reasonableness of the expenses. The Court has reviewed the numerous claims for funeral expenses that have been submitted and has previously ruled that it considers reasonable funeral expenses in the Chicago area to be $2,000.00. (See claim of *Anthony Gentile,* 75-CV-117) Considering all of the relevant circumstances in the present claim, the Court finds that the reasonable funeral expenses that may be compensated for under the Act in the present claim are $2,000.00 plus $30.60 for inquest costs expended by the Claimant or a total of $2,030.60.

With regard to the issue of dependency, the essence of the Claimant's sometimes contradictory testimony was that, during the six months prior to his death, the deceased victim was self-employed as a painter working on various jobs and earning anywhere from $30.00 to $200.00 per week. The Claimant testified that the victim

contributed one-half of his earnings to her plus giving gifts of clothing at various holidays to his brothers and sisters. The Claimant admitted however that she could not name any person or company for whom her son had done any work. She doubted that he had filed any income tax returns and she made no attempt to ascertain this fact prior to the hearing. Her son owned no painting equipment—no brushes, rollers, ladders or trucks.

Her testimony regarding her son's income was totally unsubstantiated.

It should be noted that during the same period of time the Claimant was married and her husband worked full time and supported her and her large family.

Section 4 of the Act provides:

. . . loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less . . .

The burden of proof is on the Claimant to prove her dependency and to prove the income of the decedent. In view of the unsubstantiated nature of the Claimant's testimony and the fact that she had a husband working full time to support her and her family, the Court is of the opinion that the Claimant has not proved dependency by her upon the decedent by a preponderance of the evidence. This Court is further of the opinion that the Claimant has failed to prove by a preponderance of the evidence that the decedent earned any money during the six months preceding the crime.

Her claim for dependency must, therefore, be denied.

It Is THEREFORE ORDERED that the sum of $2,030.60 be awarded to the Claimant Ruth Longstreet Sole as a relative of a deceased victim of a violent crime.