(No. 76-CV-0748–

*In re* APPLICATION OF MICHAEL DEBARTOLO, JOAN BENEDETTI AND JOAN EISENHAUR.

*Opinion filed August 16, 1982.*

*Opinion on rehearing filed May 9, 1984.*

KEEFE, EHEMANN & JAFFE (HOPE KEEFE, of counsel), for Claimant Joan Benedetti.

MICHAEL DEBARTOLO, *pro se*, for Claimant Michael DeBartolo.

JOAN EISENHAUR, *pro se*, for Claimant Joan Eisenhaur.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN and FAITH SALSBURG, Assistant Attorneys General, of counsel), for Respondent.

Roe, C.J.

This is a consolidated claim for compensation under the Crime Victims Compensation Act (Ill. Rev. Stat. 1975, ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act. It arises out of an incident which occurred on or about January 31, 1976. The Court has carefully considered the application for benefits submitted on the form prescribed by the Court, the investigatory report of the Attorney General of Illinois, the evidence presented at the hearing before a commissioner of the Court, the post-hearing briefs, and the arguments and evidence presented at oral arguments before the full Court sitting *en banc*. Based on the entire record in this cause we make the following determination.

This case involves two issues. The first issue is whether or not the death of the victim was substantially attributable to his wrongful act or substantial provocation of his assailant as conditioned by sections 3(f) and 7(c) of the Act. (Ill. Rev. Stat. 1975, ch. 70, pars. 73(f), 77(c)). If the first issue is decided in favor of the Applicants, the second issue is whether or not the decedent had any lawful earnings in the six months prior to his death upon which to base an award for the loss of support claimed.

On the aforementioned date Louis DeBartolo, age

29, was found murdered in a room behind a discount dry goods store which he operated located at 5900 W. North Avenue in Chicago, Illinois. He had been shot in the head prior to which the physical evidence indicated that he had been brutally tortured. Several packets of a white substance were found at the scene of the crime. The substance was later determined to be heroin and had a street value of tens of thousands of dollars. Additionally, the record shows that seven months prior to his death, decedent was convicted of bank robbery in Federal court and that 45 days before his death a judgment in the amount of $30,477.00 was entered against him in a civil proceeding in Cook County circuit court, said sum representing unrecovered proceeds from the bank robbery.

With respect to the first issue, it is the State's position that the circumstantial evidence, including the manner of death, the decedent's involvement in criminal conduct almost a year before his death for which he was subsequently convicted, and the severe financial pressure brought about by the judgment and order of restitution, all constitute conduct which would preclude recovery or reduce it. We are asked to find that the death was a result of a crime of retribution and/or crime resulting from involvement in narcotics.

The circumstances, although quite bizarre, are insufficient to allow us to conclude that the decedent was not an innocent victim of the crime. There was no evidence as to how the heroin came to be where it was found. There was no evidence of any previous history of involvement of the decedent with heroin. Although the decedent was convicted seven months before his death of having committed a bank robbery a year before his death, there was no evidence linking this conduct with

his death. The same is true with respect to the judgment owed by the decedent. Therefore we find in favor of the Applicants on the first issue.

The second issue involves compensation. Before awarding loss of support in cases such as this, it is our practice to first make an award for funeral expenses incurred.

Michael DeBartolo, father of the decedent, seeks $1,007.25, representing one-half of the expense of the funeral which he paid. Although the evidence is not exactly clear, we find that payment of the other half of the funeral expense is attributable to Joan Benedetti, the former wife of the decedent. We have previously determined that $2,000.00 is a reasonable amount of compensation for funeral expenses under the Act. Therefore, Michael DeBartolo and Joan Benedetti are each entitled to their prorated share, or $1,000.00 each, for funeral expenses.

With respect to the second issue, that of loss of support, section 4 of the Act provides that loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the crime or on $500.00 per month, whichever is less. (Ill. Rev. Stat. 1975, ch. 70, par. 74.) The relevant time frame in this case is July 31, 1975, to January 31, 1976. The burden is on the Applicants to prove loss of support by the preponderance of the evidence.

The decedent was incarcerated at M.C.C. Federal prison in Chicago during the six months preceding his death. However, he was on a work release program, working during the days and returning to the prison at night. As a condition of eligibility for participation in the program he had to show that he had a job which paid

some amount of monetary compensation. He secured a position as a manager of International Discount Sales, a discount clothing store, which qualified. The business was a sole proprietorship owned and previously operated by Joseph J. Esposito.

Mr. Esposito testified that his business was in serious financial trouble, but that because the decedent was a long time friend and because of his predicament he turned the business over to the decedent. After relinquishing control Mr. Esposito did not pay attention to the affairs of the business and knew little or nothing about the amount of inventory on hand at any given time, the amount of revenue generated, the records of the business, etc. There was testimony that all the business records on the premises were seized by the Chicago Police Department and never became part of the record in this claim. The store went out of business the day the decedent's body was discovered.

As to the exact amount of compensation the decedent received, the evidence is not clear. Mr. Esposito's testimony conflicted at several points. He testified that the decedent was not an employee. When asked by the decedent for a job he said he replied, "I have a sick business here. If you want to come in, I can't pay you or anything." He further testified that, "I wrote him—I think I wrote him checks because I couldn't hire him. I just wrote him checks because I couldn't hire him. I couldn't afford to hire him." Later, in response to a question whether or not the checks were to compensate the decedent for the work he was doing in the store, Mr. Esposito replied in the affirmative.

There were either four, five, or six checks in the amount of $150.00 each given to the decedent by Mr. Esposito. He could not remember how many nor could

he recall the exact dates they were given to him, but the time appears to be around the beginning of the six-month period preceding the murder. As for other earnings during that period, Mr. Esposito testified that the decedent took money out of the cash register, but he had no idea how much was taken. He never saw it taken; the proceeds of sales were just not there, and the decedent never turned any money over to Mr. Esposito. At one point he testified that there was $8,000.00 or $9,000.00 worth of inventory in the store, but later said there was only $4,000.00 or $5,000.00 worth. The merchandise remaining at closing was liquidated for $1,500.00.

There was evidence of other jobs held by the decedent during 1975, but it appears they were outside the relevant six-month period. The tax return filed for that year did not disclose any income earned by the decedent from the store.

The amount of support provided to the Claimants, by their testimony, was far in excess of any earnings the decedent obtained from any identifiable source.

We conclude from the testimony of Mr. Esposito and reasonable inferences drawn from the circumstantial evidence that the decedent had earnings during the six months immediately preceding his death and that from those earnings he contributed $100.00 a month toward the support of the Claimants.

At the time of his death, Mr. DeBartolo was married to Joan DeBartolo and they had two children, Gina and Louis, Jr., born August 2, 1966, and August 20, 1967, respectively. Joan DeBartolo remarried eight months after Mr. DeBartolo's death. She applied for loss of support for herself and their children. Also at the time of his death, Mr. Debartolo was living with Joan Eisenhauer, who had given birth to a son, Frank, approximately two

and a half years prior to Mr. DeBartolo's death, which he acknowledged to be his. She is seeking loss of support on behalf of the son. Based upon ordinary life expectancies and $100.00 per month support among the dependents, the amount of loss exceeds the maximum amount of compensation awardable under the Act, which was $10,000.00 at the time of the crime. In view of the foregoing, it is hereby ordered that the sum of $10,000.00 be awarded in this matter as follows:

1. To Michael DeBartolo — $1,000.00 for reimbursement for funeral expenses;

2. To Joan Benedetti — $1,000.00 for reimbursement for funeral expenses;

3. To Joan Benedetti on behalf of Gina DeBartolo — $2,666.66;

4. To Joan Benedetti on behalf of Louis DeBartolo, Jr. — $2,666.66;

5. To Joan Eisenhauer on behalf of Frank DeBartolo — $2,666.66;

said awards to be paid in lump sums.

## OPINION ON REHEARING

Roe, C.J.

This case is before the Court on petition by Respondent for rehearing of the opinion rendered by this Court on August 16, 1982, concerning the above-captioned claims.

In said opinion this Court granted awards pursuant to the Crime Victims Compensation Act (Ill. Rev. Stat. 1975, ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act, to the following persons:

1. To Michael DeBartolo — $1,000.00;

2. To Joan Benedetti — $1,000.00;

3. To Joan Benedetti on behalf of Gina DeBartolo — $2,666.66;

4. To Joan Benedetti on behalf of Louis DeBartolo, Jr. — $2,666.66;

5. To Joan Eisenhauer on behalf of Frank DeBartolo — $2,666.66.

The awards granted to Michael DeBartolo and Joan Benedetti were for reimbursement of the funeral expenses of the victim, Louis DeBartolo. The awards granted to Joan Benedetti on behalf of Gina DeBartolo and Louis DeBartolo, Jr., along with the award made to Joan Eisenhauer on behalf of Frank DeBartolo, were granted as compensation for loss of the victim's support.

The Respondent's petition for rehearing essentially sets forth three points supposedly overlooked or misapprehended by the Court.

Respondent first contends that Joan Benedetti, the victim's wife at the time of his death, should not have been granted award for reimbursement of funeral expenses because there was insufficient evidence in the record proving that she paid any part of the funeral bill.

A thorough review of the record does indeed reveal that Joan Benedetti failed to provide sufficient evidence that she paid a portion of the funeral expenses. The evidence indicates that her father, James Sena, paid the portion of the funeral bill that was not paid by Michael DeBartolo, the victim's father. We find, therefore, that Joan Benedetti is not entitled to receive any award for reimbursement for funeral expenses.

Section 3(a) of the Act (Ill. Rev. Stat. 1975, ch. 70, par. 73(a)), in effect at the time of the crime, provides in pertinent part that;

"Any person related to the victim, even though not dependent on that victim for support, is eligible for compensation but only for reasonable funeral expenses . . . for the victim, provided that such expenses were paid by him."

Although the Act in effect at the time of the crime did not contain a definition of "relative", a later amendment provided a definition of "relative" which includes a spouse's parent. (Ill. Rev. Stat. 1979, ch. 70, par. 72(f).) Since the record indicates that James Sena was the father-in-law of the victim at the time of the victim's death and that he paid the portion of the funeral bill that was not paid by the victim's father, we find that James Sena is entitled to receive an award of $1,000.00 for reimbursement of funeral expenses.

The second contention set forth by the Respondent is that Joan Benedetti should not have been granted the awards on behalf of Gina DeBartolo and Louis DeBartolo, Jr., because no evidence was introduced to show that Gina DeBartolo or Louis DeBartolo, Jr., were in fact being supported by the victim and dependent upon him at the time of the crime which caused his death.

The Act is silent concerning the degree of proof required to prove a Claimant's dependency on the victim for support at the time of the crime. However, this Court has found that dependency must be proved by a preponderance of the evidence. (*In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713.) A proposition proved by the preponderance of the evidence has been described as one that is more probably true than not. (*In re Estate of Ragan* (1979), 79 Ill. App. 3d 8, 13, 398 N.E.2d 198, 203.) It is this Court's duty, as the trier of fact, to weigh the evidence and determine whether a proposition is more true than not. While the record in this case was not

always clear, we concluded there was sufficient circumstantial evidence in the record to infer that it was more true than not that the victim was contributing to the support of Gina DeBartolo and Louis DeBartolo, Jr., at the time of the crime. After again reviewing the record, it is our opinion that our initial conclusion regarding the victim's support of Gina DeBartolo and Louis DeBartolo, Jr., was correct. We therefore affirm the decision to grant Joan Benedetti awards on behalf of Gina DeBartolo and Louis DeBartolo, Jr., as compensation for the loss of the victim's support.

The Respondent's final contention is that all of the awards for loss of support should not have been granted because the Claimants failed to show that the victim had earnings during the six-month period preceding his death which could serve as a basis for determining the level of support lost.

The Act is also silent concerning the degree of proof required to prove that the victim earned any money during the six-month period preceding his death. As in the case of the degree of proof required to prove dependency, this Court has determined that the Claimant must prove by a preponderance of the evidence that the victim earned money during the six months prior to his death. (*In re Application of Sole, supra.*) Having reviewed the record, we find that there was sufficient evidence presented to prove that it was more true than not that the victim had earnings during the six-month period preceding his death and that from those earnings he contributed $100.00 a month toward the support of the Claimants. All of the awards granted for loss of support are therefore affirmed.

In our prior opinion we found that based upon the ordinary life expectancies and $100.00 per month support

among the dependents, the amount of loss exceeded the maximum amount of compensation awardable under the Act, which was $10,000.00 at the time of the crime. An award was granted in the sum of $10,000.00 which was divided as ordered by the Court. We affirm our decision to grant an award of $10,000.00 in this matter. However, due to our deciding in this opinion to grant an award for funeral expenses to James Sena instead of Joan Benedetti, it is hereby ordered that the $10,000.00 award be distributed as follows:

1. To Michael DeBartolo — $1,000.00;

2. To James Sena — $1,000.00;

3. To Joan Benedetti on behalf of Gina DeBartolo — $2,666.66;

4. To Joan Benedetti on behalf of Louis DeBartolo, Jr. — $2,666.67;

5. To Joan Eisenhauer on behalf of Frank DeBartolo — $2,666.67.