(No. 84-CV-0228–)

*In re* APPLICATION OF LAUNA SHEPHERD.

*Opinion filed February 8, 1984.*

LAUNA SHEPHERD, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALS-BURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on September 14, 1981. Launa Shepherd, wife of the deceased victim, Robert Shepherd, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on September 6, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Robert Shepherd, age 53, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on September 14, 1981, the victim was stabbed repeatedly during an attack by an unknown offender. The incident occurred on a rural road near

Pittsfield, Illinois. Police investigation determined that the offender attacked the victim after the victim had given the offender a lift in his car. The victim was pronounced dead at the scene. The offender was apprehended, prosecuted and convicted of murder.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself. The Claimant has listed her daughter, Tammy, as an applicant for loss of support on the application. However, Tammy was born on January 20, 1963, and had attained the age of majority prior to the incident and is, therefore, not eligible for loss of support.

4. That the Claimant incurred funeral and burial expenses in the amount of $2,905.85. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant was totally dependent upon the victim for support.

6. That prior to his death, the victim was employed by the Illinois Department of Corrections and his average monthly earnings were $982.80.

7. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

8. That the victim was 53 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, Life Tables, volume II, his life expectancy would have been 75.2 years. The projected loss of

support for 22.2 years is in excess of $15,000.00 which is the maximum amount compensable under section 10.1(f) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(f).

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

11. That the Claimant has received $450.00 in reimbursements from the Veterans Administration as a result of the victim's death that can be counted as an applicable deduction under section 7.1(7) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 77.1(7).

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(f).

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 81.1.

It is therefore, hereby ordered that the sum of $15,000 (fifteen thousand dollars) be and is hereby awarded to Launa Shepherd, wife of Robert Shepherd, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $2,250.00 (two thousand two hundred fifty dollars) to be paid to Launa Shepherd;

(b) Seventeen (17) equal monthly payments of $750.00 (seven hundred fifty dollars) each to be paid to Launa Shepherd;

(c) In the event of the death or marriage of the Claimant, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.