(No. 86-CV-0760–)

*In re* APPLICATION OF JEANETTE M. CRISSIE

*Opinion filed June 20, 1986.*

*Notice filed June 20, 1986.*

*Order filed February 21, 1992.*

STEVEN M. SHAYKIN, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (SALLIE MANLEY and JAMES A. TYSON, JR., Assistant Attorneys General, of counsel), for Respondent.

## OPINION

POCH, J.

This claim arises out of an incident that occurred on December 16, 1984. Jeanette M. Crissie, wife of the

deceased victim, Anthony V. Crissie, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 14, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's husband, Anthony V. Crissie, age 49, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on December 16, 1984, the victim was shot by an unknown offender. The incident occurred in a parking lot located at 5610 South 6th Avenue, Countryside, Illinois. Police investigation revealed that the victim was sitting in a car when he was shot several times. Police could find no motive for the shooting. The victim was pronounced dead on arrival at LaGrange Community Hospital.

3. That the Claimant, Jeanette M. Crissie, seeks compensation for funeral expenses and for loss of support.

4. That the Claimant incurred funeral and burial expenses as a result of the death in the amount of $7,730.00. Pursuant to section 72(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00.

5. That section 72(h) of the Act states:

"* * * loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

6. That the victim allegedly was self-employed during the six months prior to the incident. The Claimant was asked to submit copies of the victim's Federal income tax returns to substantiate his earnings. However, no returns were filed for either 1983 or 1984. The Claimant did submit a copy of the victim's tax return for 1982 which showed that the victim's business suffered a net loss of $52,712.59.

7. That based on the fact that no tax returns were filed for 1983 or 1984 and that the victim's business suffered a net loss in 1982, the Claimant has failed to substantiate that the victim had earnings upon which to base her claim for loss of support.

8. That pursuant to section 80.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has received $180.00 in burial benefits from the Social Security Administration as a result of the victim's death that can be counted as applicable deductions.

10. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

It is hereby ordered that the sum of $2,000.00 be and is hereby awarded to Jeanette M. Crissie, wife of Anthony V. Crissie, a victim of a violent crime.

It is further ordered that the claim for loss of support be, and is hereby denied.

## NOTICE

TO: Steven M. Shaykin
Attorney at Law
188 West Randolph Street
Suite 1507
Chicago, Illinois 60601

Compensation having been paid to the above-named claimant(s) pursuant to the provisions of the Illinois Crime Victims Compensation Act (Ill. Rev. Stat., 1979, ch. 70, par. 71 *et seq.*), you are hereby notified that the State of Illinois claims a charge against any verdict, judgment or decree entered, or any money or property which is recovered on account of the claim, demand or cause of action against the assailant(s) or any third party who may be liable in damages.

You are further notified that if you seek civil damages from the assailant(s) or any third party who may be liable you must give written notice to the Attorney General of the making of said claim or demand or the filing of said suit for such damages. Neither you nor anyone on your behalf has the authority to release the charge accruing to the State of Illinois by any settlement or compromise with any party who may be liable to you for damages.

## ORDER

PATCHETT, J.

This cause comes before the Court upon the motion for rehearing filed by the Claimant regarding the previous denial of her claim for loss of support. On December 16, 1984, Anthony Crissie, husband of the Claimant, was shot and killed by an unknown offender. On January 14, 1986, the Claimant filed an application for benefits seeking compensation pursuant to the Crime Victims Compensation Act, hereinafter referred to as the Act. (Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*) Claimant sought compensation for funeral expenses and loss of support.

On June 20, 1986, this Court entered an order finding that Anthony Crissie was a victim of a violent crime. The Court awarded the Claimant $2,000.00 for funeral expenses, but denied her claim for loss of support. The Court stated that since the victim filed no tax returns for 1983 or 1984, and that the victim's business suffered a net loss in 1982, Claimant failed to substantiate that the victim had earnings upon which to base her claim for loss of support. The Claimant then filed a request for a hearing on the question of loss of support. That hearing was held on October 28, 1987, before Commissioner Terrance Lyons, Jr. The case was subsequently transferred, without decision, to Commissioner Michael Fryzel on August 3, 1989. On March 6, 1990, a status hearing regarding this case was held. A subsequent status hearing was held on May 15, 1990, at which time all parties agreed that the commissioner would make his findings and recommendations based on the transcript of the October 28, 1987, hearing. No additional argument was filed by either side.

A transcript of that hearing showed that the attorney for the Claimant attempted to prove by testimony and submission of utility bills, and a copy of the 1986 tax return, that the victim had income and did pay household bills. The Claimant further testified that the victim gave her money when she needed to pay bills, and that her only income was $840.00 in 1984.

In addition, the victim's two sons testified that, although they did not know exactly how their father earned his income, they believed he paid all the bills incurred by himself and the Claimant. Testimony was inconclusive as to just how the victim made his living and exactly what income he earned.

Section 72(h) of the Act states,

"* * * loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

(This was the language of the Act at the time of the victim's death and when the claim was filed.) The 1982 tax return filed by the victim showed a net loss of $52,712.59. No returns were filed at all for 1983 or 1984. Copies of the utility bills prove only that they were paid, but do not prove income or earnings of the victim.

The evidence and testimony presented at the October 28, 1987, hearing clearly did not satisfy the requirements of the Act in proving any monthly earnings six months prior to the victim's death. For that reason, we deny this claim for support.