(No. 90-CV-0570-

*In re* APPLICATION OF MARY JOANNE URBAN

*Opinion filed July 23, 1992.*
*Order filed July 23, 1993.*

GARY L. PETERLIN, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

POCH, J.

This claim arises out of an incident that occurred on April 2, 1989, at 1423 Prospect Avenue, Peru, Illinois. The Claimant, Mary Joanne Urban, wife of the deceased vic-

tim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the "Act." Ill. Rev. Stat. (1989), ch. 70, par. 71, *et seq.*

The Court had considered the application for benefits and the investigatory report of the Attorney General and had denied the claim on the grounds that the Claimant had not offered documentation to substantiate her claim and that the assailant had been acquitted of the murder of the deceased victim.

The Claimant, through counsel, requested consideration of the denial of her claim and this cause was assigned to a commissioner of this Court for a hearing.

The evidence is undisputed that on April 2, 1989, the decedent and his wife resided in Peru, Illinois. Their daughter had been married to Michael Carter and had divorced. The daughter had custody of the couple's children. Michael Carter came to the Urban residence. The Claimant described how Carter came to her home in an intoxicated condition. The decedent told Carter he could not see the children because of his intoxicated state and asked Carter to leave the premises. Carter left after numerous requests to do so but came back one hour later.

When Carter returned, he was armed with a revolver. The victim asked him to leave a number of times. The victim called the police. The victim attempted to take the gun from Carter and was able to take the gun away from Carter. The victim and Carter continued to struggle which continued from the house onto the porch. The victim was able to throw the gun onto the roof of the garage. The victim was able to get back into his home and lock the door.

The victim suffered a fatal heart attack. He had a history of cardiac problems including a prior heart attack.

The struggle with Carter was very vigorous. It is uncontradicted that the assailant had forced his way into the victim's home. The victim was in fear for his safety and that of his wife. The victim's death resulted from the assault which caused the fatal heart attack according to the medical report of the decedent's physician.

The Claimant's deceased husband, Richard P. Urban, was a victim of a violent crime as defined in Section 72(c) of the Act. The Claimant has met the burden of proving the death was the result of a violent crime. *In Re Application of Michael DeBartolo* (1982), 36 Ill. Ct. Cl. 442.

The Claimant has met all the eligibility requirements of section 76.1 of the Act and is entitled to compensation because the assault was the proximate cause of the victim's death. (*In Re Application of Hamit Jusufi* (1976), 31 Ill. Ct. Cl. 631.) The Claimant has met the burden of proving that the cause of death was the proximate result of a violent crime and is, therefore, entitled to compensation pursuant to the Act. *In Re Application of Jean Rosenbaum* (1979), 32 Ill. Ct. Cl. 1086.

The Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

The Claimant seeks compensation for medical expense, hospital expense and funeral expense associated with the death of her husband. The victim was retired at the time of his death and was receiving pension benefits of $729.06 per month. The decedent was 56 years of age at the time of his death. Based upon life expectancy tables, the decedent if he had lived would have continued to receive his pension benefits for 20 years. The loss of support to the Claimant of the decedent's pension benefits exceeds the maximum amount recoverable under the Act.

The Claimant is entitled to the maximum amount that can be awarded under the Act which is $25,000. The Claimant's attorney seeks award of attorney fees and reimbursement of costs advanced to be paid out of the award made to the Claimant. Pursuant to section 82 of the Act, an attorney may not receive payment for services in preparing the application or presenting the application to this Court. Fees may be charged only for representing the applicant at a hearing with such amount approved by the Court as reasonable.

The Claimant's attorney has filed an itemized petition for fees and for costs advanced on behalf of the Claimant. This Court finds that of the time spent by Claimant's counsel, 15 hours relate directly to the representation of the Claimant at the hearing. The Claimant's attorney is authorized to receive payment of the sum of $1,500 for representation of Claimant at the hearing and be reimbursed for costs advanced of $562.90.

It is hereby ordered that the Claimant Mary Joanne Urban be awarded the sum of $25,000 to be paid in one lump sum.

The Claimant's attorney may receive attorney fees from the Claimant's award in the sum of $1,500 and he is also to be reimbursed the sum of $562.90 in costs and expenses advanced on behalf of Claimant.

## ORDER

SOMMER, C.J.

It is ordered that the motion to waive/discharge the lien the State of Illinois may have pursuant to the Crime Victims Compensation Act in the settlement of cause 90-L-84 filed in La Salle County, Thirteenth Judicial Circuit Court of the State of Illinois against the settlement amount

of $60,000 is hereby granted and it is further hereby ordered that any said lien is waived/discharged.