(No. 91-CV-2003– 
)

*In re* APPLICATION OF DARLENE COX and DARNICE CRUMP

*Order filed May 5, 1993.*
*Opinion filed May 5, 1993.*
*Opinion filed December 12, 1994.*

DEVEREUX BOWLY, for Claimants.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR. and PAUL H. CHO, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM

This cause coming to be heard on the motion of State to dismiss, due notice having been given, and the Court being fully advised in the premises, this Court hereby finds:

(1) That the Claimant is now deceased.

(2) That the Attorney General's office has notified the Court of the Claimant's death.

It is, therefore, hereby ordered that the motion to dismiss Claimant, Lafayette Cox, is cause number 91-CV-2003 be, and is hereby granted.

## OPINION

PER CURIAM

This claim arises out of an incident that occurred on February 15, 1991. Darlene Cox and Darnice Crump, wife and sister, respectively, of the deceased victim, Rohn Cox, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq.*

This Court has carefully considered the applications for benefits submitted on March 21, 1991, and December 31, 1991, respectively, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on February 15, 1991, Rohn Cox, age 36, was a victim of a violent crime as defined in section 2(c) of the Act (740 ILCS 45/2(c)), to wit: first degree murder. 720 ILCS 5/9—1.

(2) That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

(3) That the Claimant, Darlene Cox, seeks compensation for funeral expenses and for loss of support for the victim's minor child, Krystal Cox. The Claimant, Darnice

Crump, seeks compensation for funeral and burial expenses.

(4) That according to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral expenses of the victim to the extent to which he has paid or become obligated to pay such expenses.

(5) That funeral and burial expenses were incurred as a result of the victim's death in the amount of $2,094.60, $1,000 of which was paid by the victim's now-deceased father, leaving a balance of $1,094.60. The Claimant, Darnice Crump, has paid $1,028 toward this amount, and the Claimant, Darlene Cox, has paid the remaining balance of $66.60.

(6) That section 8.1 of the Act states that no award of compensation shall be made for any portion of the applicant's claim that is not substantiated by the applicant.

(7) That the Claimant, Darlene Cox, has not submitted adequate documentation to substantiate her claim that the victim's minor daughter, Krystal Cox, was dependent upon the victim for support.

(8) That the Claimants have not received any reimbursements that can be counted as an applicable deduction under the Act.

(9) That the Claimants have complied with pertinent provisions of the Act and qualify for compensation thereunder.

(10) That the Claimant, Darlene Cox, is entitled to an award based on the following:

Paid funeral expenses $66.60

(11) That the Claimant, Darnice Crump, is entitled to an award based on the following:

Paid funeral expenses $1,028.00

It is hereby ordered that the sum of $66.60 (sixty-six dollars and sixty cents) be and is hereby awarded to Darlene Cox, wife of Rohn Cox, an innocent victim of a violent crime.

It is further ordered that the sum of $1,028 be and is hereby awarded to Darnice Crump, sister of the deceased victim, Rohn Cox.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on February 15, 1991. Darlene Cox, wife of the deceased victim, Rohn Cox, and Darnice Crump, his sister, seek compensation for funeral and burial expenses. Darlene Cox also seeks compensation for loss of support for the victim's minor child, Krystal Cox, pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the "Act." 740 ILCS 45/1, *et seq.*

On May 5, 1993, this Court issued an order finding that Rohn Cox was the victim of a violent crime. However, the Court denied the claim for loss of support on the basis that Claimant, Darlene Cox, did not submit adequate documentation to substantiate her claim that the victim's minor daughter, Krystal Cox, was dependent upon the victim for support. The Court did order that Darlene Cox be awarded $66.60 and that Darnice Crump be awarded $1,028 for funeral expenses.

On June 3, 1993, within 30 days of the denial order, Claimant, Darlene Cox, requested in writing that this case be heard before a Commissioner pursuant to section 13.1(a) of the Act.

On April 8, 1994, a hearing was conducted before the Commissioner. Claimant, Darlene Cox, appeared and testified. Also present at the hearing were the minor child's grandmothers, Carrie Smith and Arlena Cox, who testified on behalf of Claimant.

Claimant, Darlene Cox, testified that Krystal Cox was the daughter of Rohn Cox. In support, she offered into evidence a copy of a birth certificate indicating that Krystal Ki'ana Cox was born to Darlene Denise Smith and Rohn Cox on November 19, 1985.

Darlene Cox testified that she was familiar with Rohn Cox's business practices and where he worked at the time of his death. Claimant's Exhibit No. 1, which is an application for employment dated February 5, 1990, indicates that Mr. Cox had one child.

To support her claim that Rohn Cox supported Krystal, Claimant submitted into evidence a copy of a W-4 form indicating that Mr. Cox had one other dependent including himself. Darlene Cox further testified that the other dependent was their daughter, Krystal Cox. Also presented was Rohn Cox's 1988 tax return, wherein he claimed Krystal Cox as his dependent.

When asked how Rohn Cox supported Krystal Cox, Claimant, Darlene Cox, testified that, "he would buy her clothes. And he would give me money to go shopping and buy whatever she needed." Ms. Cox testified that during a period when Rohn had a job, he would give her money on a regular basis, with a regular basis being every two weeks. At the time of his death, Rohn Cox was working and regularly supporting the child. Darlene Cox testified that a week before his death, he made a payment to her.

Ms. Carrie Smith, Claimant's mother, testified that she worked with Mr. Cox at J & S Professional Associates

prior to his death. Admitted into evidence was Rohn Cox's 1990 W-2 statement from J & S Professional Associates. Rohn Cox worked at J & S for about one year.

Ms. Arlena Cox testified that she was aware that her son, Rohn Cox, was supporting Krystal. She testified that on several occasions when she was with Rohn, he would cash his check and spend money on Krystal and give money to his wife. Arlena Cox testified that on a regular basis, her son would give money to buy clothes and food to Darlene every time he got paid, which was every two weeks.

Mrs. Cox stated that her son, Rohn, had a very good relationship with his daughter.

Mrs. Carrie Smith testified that during the five years that Krystal was alive before her father died, she was aware that Rohn Cox supported his daughter. On several occasions if Rohn Cox was unable to see his daughter, he would give money to Mrs. Smith to give to Darlene for his child. Mrs. Smith stated that Rohn bought his child clothes and food and would send her money every pay day.

Darlene Cox stated that there was no set figure as to how much money Rohn gave her to support Krystal but on the average it was around $75 every two weeks. Mrs. Smith agreed with the $75.

Claimant presented an employer report indicating the net bi-weekly earnings of the decedent for the six months prior to decedent's death as follows:

| | |
|---|---|
| September 4, 1990 | $142.57 |
| September 18, 1990 | 249.79 |
| October 2, 1990 | 276.14 |
| October 16, 1990 | 231.00 |
| October 30, 1990 | 319.82 |

| | |
|---|---|
| November 13, 1990 | 269.20 |
| November 27, 1990 | 281.53 |
| December 11, 1990 | 278.91 |
| December 25, 1990 | 258.72 |
| January 8, 1991 | 230.07 |
| January 22, 1991 | 300.02 |
| February 5, 1991 | 326.27 |
| February 19, 1991 | 173.84 |

The applicant for benefits under the Crime Victims Compensation Act has the burden of proving loss of support by a preponderance of the evidence. (*In re Application of DeBartolo* (1984), 36 Ill. Ct. Cl. 442.) Dependency must be proved by a preponderance of the evidence. (*In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713.) From the evidence in the record, we infer that it was more probable than not that the victim was contributing to the support of his daughter, Krystal Cox, at the time of the crime.

This Court has also held that a claimant must prove by a preponderance of the evidence that the victim earned money during the six months prior to his death. (*In re Application of Sole, supra.*) Having reviewed the record, we find there is sufficient evidence presented to prove it was more probably true than not true that the victim had earnings during the six-month period prior to his death.

The evidence is less clear on the amount contributed by the victim for the support of Krystal Cox. (*In re Application of Crissie* (1992), 44 Ill. Ct. Cl. 443.) The Act provides for loss of support compensation for dependents of the victim. Krystal Cox is the dependent of the victim. The Act further states that loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500 per month, whichever is less. *In re Application of Nancy* (1983), 36 Ill. Ct. Cl. 437.

We find that using the average monthly earnings of the victim for the six months prior to his death and applying the statutory guidelines for child support of 20% of net income for one child that the victim's child support obligation would have been $111.20 per month. 750 ILCS 5/505.

Krystal was dependent upon Rohn Cox for support. According to the testimony, the sums provided for support of Krystal may have averaged $75 every two weeks. Claimant's exhibit would indicate that $75 from Rohn's fluctuating net earnings for the six months preceding his death would be between 25% to 50% of his net earnings. The Court finds it is not reasonable to believe he paid 25% to 50% of his net income for support.

Krystal will become an adult on November 19, 2003. She was five years and three months old when her father died. She would have been legally dependent on him for 12 years and nine months (663 weeks). The Court finds that Rohn Cox was providing support to his daughter in the sum of $25.66 per week.

The lost support by Krystal for 663 weeks would be $17,012.58. The Court has previously awarded $66.60 to Darlene Cox and $1,028 to Darnice Crump.

It is the order of the Court that Krystal Cox, the dependent daughter of the victim, be awarded $17,012.58 for loss of support.

The Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. *In re Application of Shepherd* (1984), 36 Ill. Ct. Cl. 515.

It is therefore hereby ordered that the sum of $17,012.58 be and the same is hereby awarded to Darlene

Cox, mother of Krystal Cox, minor child of Rohn Cox, an innocent victim of a violent crime, to be paid and disbursed as follows:

(a) $5,012.58 to be paid to Darlene Cox in a lump sum for the use and benefit of Krystal Cox;

(b) Eighty equal monthly payments of $150 to be paid to Darlene Cox for the use and benefit of Krystal Cox;

(c) In the event of the death or marriage of the Claimant or the Claimant's child, it is the duty of the Claimant or her personal representative to inform this Court in writing of such marriage or death for the purpose of the possible modification of the award.