(No. 82-CC-1214-)

RYDER TRUCK RENTAL, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 25, 1982.*

*Opinion on rehearing filed March 18, 1983.*

MATON, GOLDSTEIN & BARR (PAUL J. MATON, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ANDREW R. JARETT, and WILLIAM R. WALLIN, Assistant Attorneys General, of counsel), for Respondent.

Roe, C. J.

This claim arises from the final administrative decision of the Secretary of State to refund Claimant $86,256.00 in registration fees that were improperly collected during a period from 1973 to 1975. This court has jurisdiction over the claim pursuant to section 8 of the Court of Claims Act (Ill.Rev.Stat., ch. 37, par. 439.8(a)), and more specifically under section 3-824 of the Illinois Vehicle Code (Ill.Rev.Stat., ch. 95½, par. 3-824) which provides in pertinent part as follows:

"(d) Any application for refund received after the times specified in this section shall be denied and the applicant in order to receive a refund must apply to the Court of Claims."

The time specified in section 3-824(b) of the Illinois Vehicle Code was six months, although the applicability of this time period to the particular facts in this case was not finally determined by the Secretary of State until October 30, 1981, following several years of litigation at the administrative level.

The facts of the case are not in dispute and were stipulated to by the parties as follows:

"a. This case revolves around the interpretation of sections 3-400 and 3-401 of the Illinois Motor Vehicle Code (IRS 1973, ch. 95½, pars. 3-400 and 3-401).

b. Under section 3-401(a) of the Motor Vehicle Code it is unlawful for any person to drive or permit to be driven on the highways any vehicle that is not registered in the name of the owner.

c. That under section 3-400 of the Vehicle Code an owner is defined as including a lessee.

d. That Ryder Truck Rental, Inc. would buy trucks and register them for use in Illinois. These trucks would then be leased out in the normal course of business.

e. That the Secretary of State would check the registrations of these leased trucks, and under strict interpretation of the law the trucks were not registered under the name of the 'owner', in this case the lessee. The Secretary of State then required that the trucks be registered under the names of the lessees. That Ryder agreed to pay these fees to avoid inconvenience to its customers (the lessees).

f. That the flat weight tax, which has been referred to as the registration fee, is set forth in section 3-815 of the Illinois Motor Vehicle Code (IRS. 1973, Ch. 95½, par. 3-815) and that most of Ryder's trucks fell into class V, which requires payment as a tax or fee per truck of $1,492.00.

g. That Ryder appealed this forced registration, arguing that as trucks had been properly registered, all that was needed was a corrected registration. Under section 3-821(a) of the Illinois Motor Vehicle Code (IRS 1973, Ch. 95½, par. 3-821(a)) the fee for this is only two dollars.

h. That the Secretary of State agreed with Ryder and found that $86,256.00 had been improperly collected and should be returned."

Pursuant to Rule 14 of the Rules of the Court of Claims, departmental reports were offered into evidence by stipulation along with other evidence which indicated that the Secretary of State does believe that the sum is due and owing, and the parties represented by counsel have agreed to an award of that sum.

Although we are not bound by such stipulations, we do encourage parties to avoid litigation if unnecessary and will not reject such stipulations out of hand. In the case at bar, while we agree in all respects that the fees paid by Claimant were improper, we feel constrained by law to deny this claim on other grounds. We find that the two-year limitations contained in section 22(g) of the Court of Claims Act (Ill.Rev.Stat., ch. 37, par. 439.22(g)) applies. The various incidents giving rise to the cause of action in this claim occurred at various points in time during 1973, 1974, and 1975. The claim was not filed until December 4, 1981, and therefore is clearly barred.

Although Claimant was bound to exhaust its adminis-

trative remedies pursuant to section 25 of the Court of Claims Act (Ill.Rev.Stat., ch. 37, par. 439.24-5), it should nevertheless have filed its claim in this Court to preserve the claim while seeking administrative review. Rules 6 and 7 of the Rules of the Court of Claims provide a procedure whereby, upon a showing that a claimant was involved in pursuit of other remedies in another forum, the case in the Court of Claims would be continued generally pending resolution of the collateral litigation.

We are cognizant of the difficulties suffered by Claimant during the course of its administrative hearings, but were we to approve this stipulation we would effectively be doing away with the statute of limitations in such cases because any party could at any time start the limitations period running again by seeking an administrative order, whether favorable or unfavorable, and then file here.

In summary, while we are sympathetic to the plight of the Claimant, we are constrained by law to deny this claim. Accordingly, it is hereby ordered that this claim be, and hereby is, denied.

## OPINION ON REHEARING

ROE, C.J.

This claim arose out of a final administrative decision of the Secretary of State not to refund the Claimant certain registration fees that were improperly collected during a period from 1973 to 1975. The facts are set forth in our previous opinion filed June 25, 1982, wherein the claim was denied. It is before us now on the Claimant's petition for rehearing.

In our previous opinion we refused to concur in the stipulation by both parties to an award and denied the claim based upon the expiration of the applicable two-

year limitations period (Section 22(g) of the Court of Claims Act. Ill.Rev.Stat., ch. 37, par. 439.22(g).) We stated as follows:

"In the case at bar, while we agree in all respects that the fees paid by Claimant were improper, we feel constrained by law to deny this claim on other grounds. We find that . . . (the two-year limitations period) . . . applies. The various incidents giving rise to the cause of action in this claim occurred at various points in time during 1973, 1974, and 1975. The claim was not filed until December 4, 1981, and therefore is clearly barred.

Although Claimant was bound to exhaust its administrative remedies pursuant to Sec. 25 of the Court of Claims Act, it should nevertheless have filed its claim in this court to preserve it while seeking administrative relief. Rules 6 and 7 of the Rules of the Court of Claims provide a procedure whereby, upon a showing that a claimant was involved in pursuit of other remedies in another forum, the case in the Court of Claims would be continued generally pending resolution of the collateral litigation.

We are cognizant of the difficulties suffered by Claimant during the course of its administrative hearings, but were we to approve this stipulation we would effectively be doing away with the statute of limitation in such cases because *any party could at any time start the limitations period running again by seeking an administrative order, whether favorable or unfavorable, and then file here*." (Emphasis added.)

In its petition for rehearing Claimant essentially made a two-part argument to the effect that the Secretary of State has the authority to grant or deny a request for a refund of registration fees erroneously collected when said request is made six months or more after the date of payment and, until the Secretary of State has acted on the request, Claimant cannot be said to have exhausted his administrative remedies pursuant to section 24 of the Court of Claims Act. Ill.Rev.Stat., ch. 37, par. 439.24.

With respect to whether or not the Secretary of State had such authority, we think that the administrative decision rendered October 31, 1981, was dispositive of the issue wherein the Secretary of State voiced the same basic concern emphasized in the language quoted above. He stated in pertinent part as follows:

"It is clear that the General Assembly did not want the Secretary to even *consider* applications for (sic) which were filed more than six (6) months after the payment in error. It does not seem logical or consistent for the General Assembly *in the same sentence* to give the Secretary a discretionary authority without any limit whatsoever regarding time of payment or amount of refund. It would seem inconceivable that the legislature intended that a Secretary could determine, on his own motion, that an excess fee was paid by someone twenty (20) years and three (3) administrations ago and order a refund.

&#42; &#42; &#42;

Finally it should be noted that what Ryder is doing in this case, *since it admits a six (6) month limitation on applications for refund*, is to suggest the error to the Secretary—rather than call it an application—and then ask the Secretary to use his 'discretionary' authority to 'determine' that the refund 'is due and owing' as though the entire matter were his own idea.

If Ryder Truck Rental, Inc. were to prevail in its theory of the construction of this Statute, any person who thought they might have a refund coming could completely circumvent the meaning and intent of the Statute by following the same course of action." (Emphasis contained in order.)

It is not the function of this Court to review such determinations. The case is here, not for review, but pursuant to section 3-824(d) of the Illinois Vehicle Code. Ill. Rev. Stat., ch. 95½, par. 3-824(d).

Said subsection provides as follows:

"(d) Any application for refund received after the times specified in this section shall be denied and the applicant in order to receive a refund must apply to the Court of Claims."

With respect to Claimant's contention that, until the Secretary of State rendered a decision the administrative remedies had not been exhausted, we do not agree. After the six-month period Claimant had no administrative remedy to exhaust. Its only available course of action was application to the Court of Claims. The cause of action in this forum accrued six months after the erroneous payment and could be brought within two years of that time. Moreover, the amendment which added the language to the section 3-824 pursuant to which the Claimant based its argument that it had another remedy was not even in effect at the time the application for refund was made to the Secretary. Contrary to Respond-

ent's belief as stated in its response to the petition for rehearing, our concern is more than theoretical. The situation also arises in other contexts. See *Weissman v. State* (1977), 31 Ill.Ct.Cl. 506.

We think that the foregoing addresses the legal arguments raised in the petition and response. Claimant may now argue that in construing when the cause of action in this forum accrues we are essentially reviewing and affirming the administrative decision of the Secretary of State. We are not. The Secretary of State was vested with authority to render its decision and it stands. Rather than reviewing the decision we are accepting it for what it is. The fact that the decision was a denial without prejudice to pursue the claim in this forum could only be construed to mean that the denial was not a comment on the actual merits of the application.

Similarly, it could be argued that but for the decision of the Secretary of State we would not have been able to find when the cause of action accrued in the Court of Claims as we did, again raising issues of exhaustion of remedies. Of course, had the decision of the Secretary gone the other way, Claimant would not even be here. And, the consequences of the decision were foregone conclusions by the time the claim at bar was filed. But the Claimant could have preserved his case here by way of the procedure outlined in our previous opinion if it wanted to try another avenue for relief. Neither section 25 of the Court of Claims Act (Ill.Rev.Stat., ch. 37, par. 439.24-5) nor Rule 6 of the Rules of the Court of Claims requires exhaustion of remedies before filing. They only require it before final determination. Had the claim been timely presented we either would have continued it generally if Claimant did seek another avenue or could have made a determination if another avenue was available. This is where the argument (that but for the decision of

the Secretary of State we would not have been able to find when the cause of action accrues) breaks down. It is speculative, if not moot. Claimant did not file its claim here in time to present the issue. Had it done so, it would not have mattered. Regardless of which way the Secretary's determination or this Court's determination resulted, Claimant would have had the opportunity to present its case on the merits. Both the concerns of the Secretary and this Court, that the limitations period would be rendered a nullity in this situation, would have been satisfied.

However, Claimant did diligently and actively seek his refund from the Secretary of State. The application was made within two years and six months of the erroneous payment. The situation here is extremely different in that respect from *Weissman, supra,* where the Claimant sat on his rights for approximately five years. Although the change in the law ultimately was found to have no effect on the Claimant's application, it did give rise to certain strong legal arguments on Claimant's behalf which were raised in good faith and actively urged. The record indicates that the fact finding was a lengthy and tedious procedure. The issues raised and the underlying facts were apparently so perplexing to sort and resolve that it took three different administrations before a determination was made. There is no doubt as to the legitimacy of the actual merits of the case. The Secretary agreed that the fees were improperly collected. The Respondent through the Attorney General's Office stipulated to an award in the full amount claimed. The underlying facts indicated that Claimant was a totally innocent victim of a procedure which was tantamount to highway robbery and Claimant is only seeking what it was wrongfully forced to actually pay out and do without for nearly 10 years. Under these extremely narrow and unique circumstances we will make the agreed award. However,

we expressly caution that nothing we said herein is to be construed as a relaxation of our position. The situation presented herein was not intended as a disguised attempt to recreate the accrual of a cause of action and we do not intend to sanction such in the future.

It is hereby ordered that Claimant be, and hereby is awarded the sum of $86,256.00 as the parties agreed.