(No. 82-CC-2554—

NATIONAL RAILROAD PASSENGER CORPORATION, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed September 22, 1982.*

*Order on denial of rehearing filed December 27, 1983.*

LORD, BISSELL & BROOK, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN W. SCHOCK, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This case is before this Court on a motion to dismiss filed by Respondent. The claim arises out of a contract

between Amtrak and the State dated August 1, 1975, and amended September 1, 1975. Under the contract Amtrak agreed to furnish certain rail services. Amtrak furnished services for fiscal years 1975 and 1976. The State paid Amtrak $333,132 less than the amount billed and refused to pay the balance.

The contract contained a provision for arbitration of any dispute in accordance with the rules of the American Arbitration Association.

On October 15, 1981, Amtrak demanded arbitration and subsequent thereto the arbitrator allowed Claimant's claim in the sum of $98,647.00 plus $668.23 as a share of fees. The complaint before this Court was for $99,315.23 and was filed in May 1982 based on the arbitrator's award.

The Respondent contends the arbitration clause is invalid and that more than five years expired before the claim was filed in this Court.

The Claimant contends the arbitration clause is, or ought to be, found valid and that no cause of action accrued until the arbitrator made his award based on the hearing before it.

A study of past cases will reveal that this Court has limitations which are applicable here.

The Court of Claims is not a court of general jurisdiction. Cases show that we have no authority to allow claims based on *quantum meruit*; that estoppel is no defense; that we are not a court of equity and cannot allow claims based thereon. We are referred to often times as a "quasi-court".

The legislature has granted this Court authority to decide cases only in specific cases, and we must adhere

to the limits imposed on us. This a concession to the rule that the State, as a sovereign, cannot be sued.

In deciding our cases, we must decide them within the authority granted to us regardless of any harshness involved.

Were we authorized to consider equities, our holdings might be different in many cases, but we deem it beyond our authority to do so. The legislature has limited us in this regard.

In the case before us we are compelled to decide solely whether the statute of limitations has run since the accrual of the cause of action arose; we can give no credence to harshness nor to estoppel.

Based on the record before us, we find that the cause of action, if any, arose over five years before any claim was filed here. We further find that the State cannot be held to be estopped from raising such a defense based on any efforts to arbitrate under terms of the contract entered into.

The Claimant could have protected itself by filing a claim here and indicating that it was pursuing the separate remedy of arbitration. This would have prevented the application of the statute of limitations being invoked. At that time, we could have considered whether arbitration was available and had we decided it was not, Claimant could then proceed before this Court. This position is supported by our recent case of *Ryder Truck Rental, Inc., v. State* (1982), 35 Ill. Ct. Cl. 841.

We hold that arbitration under the contract did not toll the statute of limitations from running.

While we aren't compelled to decide whether arbitration under the contract was valid, we do say that in the

opinion of this Court the procedure was invalid. Under the statute this Court has *exclusive* jurisdiction to hear contract claims against the State. Arbitration is not available as a substitute. Ill. Rev. Stat., ch. 37, par. 439.8.

Motion to dismiss is allowed.

## ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

Claimant has filed a petition for rehearing of our order dismissing its complaint. Our order was entered on September 22, 1982. Oral arguments were made on its motion. We mention here that this case was very ably argued, both orally and by briefs, by both the Claimant and the State.

The case was dismissed originally on the grounds that the five-year statute of limitations had run before the claim was filed before this Court. It is Claimant's position the statute had not run because of the arbitration clause in the contract sued upon.

Claimant's basic argument is that "arbitration was a prerequisite to the accrual of its claim against the State and therefore, the Statute of Limitations did not begin to run until completion of the proceedings".

While this could be true if the arbitration clause were an acceptable procedure, we fail to see how the same effect can be given to it when it is determined that the clause on arbitration is an invalid clause. If it is void, it is void for all purposes. To recognize partial validity, is not, in our judgment, a sound position for this Court to take. To hold that the arbitration clause was valid for the purpose of tolling the statute of limitations would require a party to pursue a useless act before bringing his action

before this Court. We are not constrained to require such a futile action.

While it isn't a determining factor, we do point out that on November 13, 1981, the Claimant was apprised by letter that the State insisted that any action had to be brought in the Court of Claims, which had sole jurisdiction, and that arbitration was not an acceptable procedure. By our holding, we are confirming that the writer of the letter was correct — arbitration is contrary to law and therefore should be given no effect whatsoever.

Petition for rehearing denied.