(No. 77-CV-0596— <span style="background:black"></span>

*In re* APPLICATION OF HELENE THANASOURAS and NICHOLAS THANASOURAS.

*Opinion filed February 29, 1984.*

*Order on review filed April 6, 1984.*

NICHOLAS C. PAMEL, for Claimant Helene Thanasouras.

WILLIAM J. HARTE, for Claimant Nicholas Thanasouras.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 27, 1977. Helene Thanasouras, mother of the deceased victim, Mark Thanasouras, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the

Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, age 49, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on July 22, 1977, the victim was shot on the street at 5500 N. Campbell, Chicago, Illinois. He was transported to Swedish Covenant Hospital, where he was pronounced dead on arrival. No assailants have ever been apprehended.

3. That the Claimant seeks compensation under the Act for funeral expenses only. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were paid by the Claimant in the amount of $3,134.50, of which $2,000.00 is deemed compensable by the Court.

5. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

6. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

7. That the Claimant has received no reimburse-

ments as a result of the victim's death that can be counted as applicable deductions.

8. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable by the Court for funeral benefits.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to Helene Thanasouras, mother of the deceased victim, Mark Thanasouras.

## ORDER ON REVIEW

Poch, J.

This claim arises out of an alleged criminal offense which occurred on July 27, 1977. Nicholas Thanasouras, son of the deceased victim, Mark Thanasouras, seeks compensation for loss of support pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the Claimant's application for benefits and the commissioner's report and transcript of the evidentiary hearing that was held on November 21, 1983.

The Claimant contends that he is entitled to loss of support compensation for the contributions with which his deceased father would have provided him, but for the father's crime-related death. The Claimant testified that he was born on May 7, 1960, and that he was 17 years old at the time of the crime. He further testified that his parents did not live together on the date of the crime and that he lived with his mother. The Claimant has been a full-time student prior to and since the victim's death.

The issues presented to the Court are whether a child is eligible for compensation for loss of support that has been incurred after the child reaches the age of 18, and whether the Claimant here has shown that he suffered a loss prior to or after that time.

It is clear from the language of the Act that the Claimant cannot be compensated for loss of support allegedly incurred after his eighteenth birthday. Section 2(h) (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)) provides for loss of support compensation for "dependents of the victim." In section 2(e), "dependent" is defined as "a relative of a deceased victim who was wholly or partially dependent upon the victim's income at the time of his death and shall include the child of such victim born after his death." Section 2(g) specifically narrows the definition of "child" to mean "an unmarried son or daughter who is under 18 years of age . . ." Therefore, Nicholas was no longer a "child" within the statutory meaning of the term after he had reached the age of 18.

Our interpretation of the loss of support provision is consistent with the legislative mandate expressed in section 10.1(g) that states that the Act is a secondary source of compensation. (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(g).) The Claimant is asking the Court to rely solely upon his unsubstantiated testimony that the victim would have contributed to his support after any possible legal obligation to do so ceased. In effect, he asserts that the State is legally required to provide support where his father would have borne no such duty. The limited relief provided by the Act does not allow the Court to engage in this type of speculation.

The Claimant has therefore failed to show that he suffered any compensable loss of support after his eighteenth birthday. Further, he has presented insufficient

evidence to show that he incurred a loss of support prior to his eighteenth birthday. Section 8.1 of the Act states that "(n)o award of compensation shall be made for any portion of the applicant's claim that is not substantiated by the claimant." Here, the Claimant presented only his own unsubstantiated testimony as evidence of his loss. This Court has previously held that the testimony of an interested party, standing alone, is insufficient to show a loss of support:

"The burden of proof is on the Claimant to prove her dependency and to prove the income of the decedent. In view of the unsubstantiated nature of the Claimant's testimony . . . the Court is of the opinion that the Claimant has not proved dependency by her upon the decedent by a preponderance of the evidence." *In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713, 715.

The Claimant in the instant case was unable to produce any witnesses or documentary evidence other than his own testimony to show that his father had any earnings upon which loss of support is based. In addition, the Claimant offered only his own unsubstantiated testimony to show that he received actual support from the victim. The Claimant therefore has failed to prove by a preponderance of the evidence that he incurred a compensable loss of support under the Act.

For the foregoing reasons, it is hereby ordered that the claim of Nicholas Thanasouras be and is hereby denied.