(No. 88-CV-0044— )

*In re* APPLICATION OF LILLIE BARBARA BROWN

*Opinion filed May 23, 1988.*
*Opinion filed November 6, 1992.*

LILLIE BARBARA BROWN, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES A. TYSON, JR., STEVE SCHMALL and JAMES MAHER III, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

POCH, J.

This claim arises out of an incident that occurred on October 17, 1986. Lillie Barbara Brown, wife of the deceased victim, Lee E. Brown, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 14, 1987, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Lee E. Brown, age 54, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1).

2. That on October 17, 1986, the victim was stabbed several times, allegedly by his son. The incident occurred in a store located at 1705 West 79th Street, Chicago, Illinois. Police investigation revealed that during an argument between them, the alleged offender obtained a pair of scissors and stabbed the victim repeatedly. The victim was pronounced dead at the scene. The alleged offender has been apprehended and charged with murder. The criminal proceedings against him are currently pending.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself.

4. That section 72(h) of the Act states that loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750 per month, whichever is less.

5. That the Claimant alleges that the victim was self-employed as a hosiery seller prior to the incident. However, the Claimant has not submitted any documentation to substantiate the victim's earnings during the six months prior to the crime. Therefore, the Claimant has not met a required condition precedent for compensation for loss of support under the Act.

6. That the Claimant incurred funeral and burial expenses as a result of the victim's death in the amount of $4,622. Pursuant to section 72(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.

7. That pursuant to section 80.1(e) of the Act, this Court must deduct from all claims the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public

Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000 of life insurance that would inure to the benefit of the applicant.

8. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

9. That the Claimant is entitled to an award based on the following:

Compensable Funeral Expenses $2,000

It is hereby ordered that the sum of $2,000 be and is hereby awarded to Lillie Barbara Brown, wife of Lee E. Brown, an innocent victim of a violent crime.

It is further ordered that the claim for loss of support be, and is hereby denied.

## OPINION

FREDERICK, J.

Claimant, Lillie Brown, brings this action pursuant to the Illinois Crime Victims Compensation Act (Ill. Rev. Stat. 1985, ch. 70, par. 72 *et seq.*) to recover for loss of support as a result of the death of her husband, Lee Brown, on October 17, 1986.

On May 23, 1988, this Court originally found that said Lee Brown was the victim of a violent crime as defined in section 72(c) of the Act, to-wit, murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1). This Court awarded Claimant $2,000 for funeral expenses but denied her claim for loss of support for failure to substantiate the loss

as required by sections 77(b) and 78 of the Act. Claimant requested a hearing on her claim for loss of support and the case was tried before Commissioner Kane who has dutifully filed his report.

Section 72(a) of the Act provides that an applicant is a person who was a dependent of the deceased victim of a crime of violence for her support at the time of death of that victim. Section 72(h) of the Act further provides that the loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of injury or $1,000 per month, whichever is less. The Act and this Court's prior decisions require that the Claimant produce material which substantiates both, that she was a dependent upon the victim for support and that indicates what the victim's net earnings were in the six-month period prior to his death.

The Claimant's evidence consists of her testimony and of a stack of papers and order forms. Claimant testified that the decedent was self-employed for several years prior to his death as a distributor of hosiery. The decedent's business was called Brenbar Hosiery and Beauty Supply. The invoices and other papers introduced by Claimant were introduced to show that decedent sold hosiery to stores. Claimant was specifically asked, "Can you tell us how much your husband made on average for a month in the six months prior to his death?" Claimant responded, "I can't give you * * * I can, you know, give you a number from figuring the invoices. I haven't done that." Claimant did not have a figure for the Court as to what she believed was the loss of support. The closest she came to an answer was that she believed that one time her husband had told her he made fifty cents on each pair of pantyhose he sold. Claimant had not figured out how many pairs of pantyhose the decedent sold each month.

The Court has meticulously reviewed the letters and order forms provided by Claimant. Many of the order forms are undated or are for a time not within the six months prior to his death or are unsigned. Those signed documents relating to the proper six-month period are also not helpful in that, while they may relate to orders, they fail to answer the crucial question before the Court, namely: what did he earn? The documentation provided by Claimant fails to establish decedent's actual income or profits based on those sales.

The Attorney General of Illinois has taken the position that a Federal income tax return which covers the six-month period prior to the victim's death is an essential document since it serves to document which persons were dependent upon the victim at the time of death as well as the net earnings of the victim in the relevant six-month period. On February 28, 1987, the Attorney General's Office advised the Claimant in writing that they would need a copy of the victim's Federal income tax return for either 1985 or 1986 in order to recommend an award. The Claimant has never provided the Court or the Attorney General with relevant Federal tax returns, State tax returns, bank records, or any other documents which adequately reflect the net earnings of the victim for the relevant six-month period. Claimant testified that the victim took care of all the income taxes but she did not know whether or not he filed returns. Claimant had on one occasion asked the Internal Revenue Service for the 1985 and 1986 tax returns but they could not find such a return. She made no other attempts to secure tax returns.

## The Law

To prevail, Claimant must prove by a preponderance of the evidence that she sustained a compensable loss. *In*

*re Application of Goff* (1989), 41 Ill. Ct. Cl. 320; *In re Application of Thanasouras* (1984), 36 Ill. Ct. Cl. 456.

In *Thanasouras*, the claimant was unable to produce any witness or documentary evidence other than his own testimony to show that his father had any earnings upon which loss of support could be based. In addition, the claimant offered only his own unsubstantiated testimony to show that he received actual support from the victim. The Court found that claimant had failed to prove by a preponderance of the evidence that he incurred a compensable loss under the Act and denied the claim. The burden of proof is on the claimant to prove the loss of support by a preponderance of the evidence. There must be evidence of the amount of money that the victim earned during the six-month period prior to his death to serve as a basis for determining the amount of support lost. (*In re Application of DeBartolo* (1984), 36 Ill. Ct. Cl. 442.) From the evidence produced by Claimant, this Court cannot say that it is more probably true than not true that the victim had earnings during the six-month period preceding his death and that from those earnings he contributed a significant amount per month toward the support of Claimant. While this finding may seem harsh, it is the correct finding based on the evidence before the Court. While we may have sympathy for the Claimant, her evidence falls far below the standard by which we must decide these cases. Since the Claimant has proven no loss, we must deny the claim. (*In re Application of Coreas* (1987), 39 Ill. Ct. Cl. 319.) While a Federal tax return is not absolutely necessary, it would be the better evidence. A claimant, to prevail, must present a tax return or some alternative evidence which proves actual earnings.

The Court of Claims is not a court of general juris-

diction. The cases show consistently that we have no authority to allow claims based on *quantum meruit*, that estoppel is no defense, that we are not a court of equity, and that we cannot allow claims based on the equities. *National Railroad Passenger Corp. v. State* (1983), 36 Ill. Ct. Cl. 265.

The Court cannot award damages on the basis of conjecture. (*In re Application of Lopez* (1987), 39 Ill. Ct. Cl. 315.) The general rule in Illinois is that a party seeking damages has the burden of establishing a reasonable basis for determining the money value of the injury and with a reasonable degree of certainty. On the present state of evidence, we are unable to calculate damages in a reasonable manner without conjecture. (*In re Application of Reges* (1979), 35 Ill. Ct. Cl. 498.) In deciding our cases, we must decide them within the authority granted to us regardless of any harshness involved. Were we authorized to consider equities, our holdings might be different in some cases but it is beyond our authority to do so. The legislature has limited us in that regard. *National Railroad Passenger Corp. v. State* (1983), 36 Ill. Ct. Cl. 265.

For the foregoing reason that Claimant has failed to prove a loss of support by a preponderance of the evidence, we hereby deny this claim.