(No. 91-CV-0936– )

*In re* APPLICATION OF RICKY HOUSE

*Order filed May 21, 1992.*

*Opinion filed March 4, 1993.*

RICKY HOUSE, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General, for Respondent.

## ORDER

SOMMER, J.

This cause comes on to be heard on the application of Ricky House for benefits under the Crime Victims Compensation Act, hereinafter referred to as the Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*), following the Attorney General's filing of the investigatory report, and the Court being advised, finds:

On May 16, 1990, Ricky House, age 32, was the victim of a violent crime as defined in section 72(c) of the Act, to wit, aggravated battery (Ill. Rev. Stat., ch. 38, par. 12—4). The crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

The applicant seeks compensation for medical/hospital expenses and for loss of earnings. He has complied with all pertinent provisions of the Act and qualifies for compensation thereunder. As to the amount of compensation and its disbursal, the Attorney General's investigatory report recommends the following.

1. Loss of Earnings—section 72(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or $1,000 per month, whichever is less. The applicant's net monthly earnings for the six months prior to the incident were $756.73. He was disabled and unable to work for a period of three months and 12 working days. Based on those figures, the maximum compensation for lost earnings is $2,682.99.

However, the report adds that the applicant has received $1,899.75 in sick pay benefits from his employer.

This money is a deduction under section 80.1(e) of the Act.

The investigatory report concludes with the recommendation that the applicant be awarded $783.24 for loss of earnings.

2. Medical/Hospital Expenses—After considering insurance and other sources of recovery, the report concludes that the applicant has incurred compensable medical/hospital bills totalling $8,100.10 toward which he has paid nothing. The expenses break down as follows:

| | |
|---|---|
| Loyola Medical Practice Plan | $5,131.20 |
| Foster G. McGaw Hospital | 2,114.90 |
| Maywood Anesthesiologists | 537.00 |
| Superior Ground Ambulance Services, Inc. | 317.00 |
| Total | $8,100.10 |

The report further stated that on July 18, 1991, Loyola Medical Practice Plan filed a lien with the Court of Claims concerning its bill. The report recommends paying this portion of the award directly to the provider based on the lien and awarding the balance of the expenses co-payable to the provider and the applicant pursuant to section 88 of the Act.

At the time the report was filed the Court did not have any record of having received a lien from Loyola Medical Practice Plan. If such a lien was filed with the office of the Attorney General only, the Court, which controls the awarding of the benefits, would not have been bound thereby. However, a lien was subsequently filed by Loyola Medical Practice Plan with the Court on March 20, 1992. The amount of the lien was $5,131.20 which is the amount of the award recommended by the office of the Attorney General.

A few weeks after the investigatory report was filed, eight separate notices of physicians liens for unstated amounts were filed. The report contained no recommendation to make awards based on services provided to any of those persons and businesses. Informal efforts by the Court administrator resulted in releases being filed for all but two of these liens. Notices of liens remain on file for Radha Sukhani, M.D., and Prabhakor Garla, M.D. These doctors did not respond to the Court administrator's inquiry. Therefore it will be necessary to hold a hearing to adjudicate the rights of all the interested parties.

It is hereby ordered that the final decision in this matter is held in abeyance and that this claim is to be assigned to a commissioner for the purpose of conducting a hearing and filing a recommendation as to the amount and disbursal of funds to be awarded. The commissioner is to send notice to all interested parties that they may appear and participate at the hearing. The parties are hereby notified that if Doctors Sukhani and Garla fail to appear in person or by counsel, the Court will give no effect to their liens. The Court will enter and disburse an award in accordance with the recommendations of the office of the Attorney General set forth hereinabove if no evidence to the contrary is presented by any interested party.

## OPINION

SOMMER, J.

On May 16, 1990, Ricky House, age 32, was the victim of a violent crime as defined in section 72(c) of the Act, to wit, aggravated battery (Ill. Rev. Stat., ch. 38, par. 12—4). The crime occurred in Chicago, Illinois, and all of the eligibility requirements have been met.

The applicant sought compensation for medical/hos-

pital expenses and for loss of earnings. He complied with all pertinent provisions of the Act and qualified for compensation thereunder. As to the amount of compensation and its disbursal, the Attorney General's investigatory report recommended the following.

1. Loss of Earnings—Section 72(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or $1,000 per month, whichever is less. The applicant's net monthly earnings for the six months prior to the incident were $756.73. He was disabled and unable to work for a period of three months and 12 working days. Based on those figures, the maximum compensation for lost earnings is $2,682.99.

However, the report adds that the applicant has received $1,899.75 in sick pay benefits from his employer. This money is a deduction under section 80.1(e) of the Act.

The investigatory report concludes with the recommendation that the applicant be awarded $783.24 for loss of earnings.

2. Medical/Hospital Expenses—After considering insurance and other sources of recovery, the report concludes that the applicant has incurred compensable medical/hospital bills totalling $8,100.10 toward which he has paid nothing. The expenses break down as follows:

| | |
|---|---|
| Loyola Medical Practice Plan | $5,131.20 |
| Foster G. McGaw Hospital | 2,114.90 |
| Maywood Anesthesiologists | 537.00 |
| Superior Ground Ambulance Services, Inc. | 317.00 |
| Total | $8,100.10 |

The report further states that on July 18, 1991, Loyola Medical Practice Plan filed a lien with the Court of Claims concerning its bill. The report recommends paying this portion of the award directly to the provider based on the lien and awarding the balance of the expenses co-payable to the provider and the applicant pursuant to section 88 of the Act.

At the time the report was filed, this Court did not have any record of having received a lien from Loyola Medical Practice Plan. If such a lien were filed with the office of the Attorney General only, this Court, which controls the awarding of the benefits, would not have been bound thereby. However, a lien was subsequently filed by Loyola Medical Practice Plan with this Court on March 20, 1992. The amount of the lien was $5,131.20, which is the amount of the award recommended by the office of the Attorney General.

A few weeks after the investigatory report was filed, eight separate notices of physicians' liens for unstated amounts were filed. The report contained no recommendation to make awards to any of those persons and businesses. Informal efforts by the Court administrator resulted in releases being filed for all but two of these liens. Notices of liens remain on file for Prabhakar Garla, M.D., and Radha Sukhani, M.D. These doctors did not respond to the Court administrator's inquiry. Therefore, it was necessary to hold a hearing to adjudicate the rights of all the interested parties.

On May 21, 1992, this Court ordered that the final decision in this matter be held in abeyance and that this claim be assigned to a commissioner for the purpose of conducting a hearing and filing a recommendation as to the amount and disbursal of funds to be awarded. The

commissioner was ordered to send notice to all interested parties so that they may appear and participate at the hearing. Doctors Sukhani and Garla were notified that if they failed to appear in person or by counsel this Court would give no effect to their liens. This Court further ordered that it would enter and disburse an award in accordance with the recommendations of the office of the Attorney General set forth hereinabove if no evidence to the contrary was presented by any interested party.

The matter was assigned to Commissioner Rochford and the matter was set for hearing on October 22, 1992, at 2:00 p.m. Notices were sent to Radha Sukhani, M.D., and Prabhakar Garla, M.D. Doctors Sukhani and Garla failed to appear at the hearing. It is therefore ordered that any liens created by the notices of lien filed by Doctors Garla and Sukhani are extinguished and that awards are entered according to the recommendations of the Attorney General contained herein and that said awards shall be disbursed.