(No. 93-CV-1684— )

*In re* APPLICATION OF ANGELA FADRAGAS

*Order filed May 13, 1994.*
*Opinion filed March 4, 1999.*

ANGELA FADRAGAS, *pro se.*

ROLAND W. BURRIS and JIM RYAN, Attorneys General (PAUL H. CHO and MICHAEL F. ROCKS, Assistant Attorneys General, of counsel), for Respondent.

ORDER

PER CURIAM.

This claim arises out of an incident that occurred on December 9, 1991. The Claimant, Angela Fadragas, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on December 28, 1992, on the form prescribed by the Attorney General and an investigatory

report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 9, 1991, the Claimant, Angela Fadragas, age 63, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated battery. See section 12—4 of the Criminal Code. 720 ILCS 5/12—4.

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant's private insurance carrier has assumed responsibility for the Claimant's medical/hospital expenses.

5. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

6. That the Claimant's average net monthly earnings for the six months prior to the incident were $1,366. Claimant was disabled and unable to work for a period of two months and three working days. Based upon $1,000 per month, the maximum compensation for loss of earnings is $2,136.35.

7. That the Claimant has received $2,473.50 in sick pay benefits that can be counted as an applicable deduction under the Act. This amount exceeds the Claimant's compensable loss of earnings under the Act. Therefore, the Claimant is not eligible for compensation for loss of earnings.

8. That pursuant to section 10.1(a) of the Act, a person may be compensated for his pecuniary loss.

9. That the Claimant has not suffered a compensable pecuniary loss as a result of the incident.

10. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

FREDERICK, J.

This claim arises out of an incident which occurred on December 9, 1991. The Claimant, Angela Fadragas, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the "Act." 740 ILCS 45/1 *et seq*.

On May 13, 1994, the Court entered an order denying the claim as the Court found, pursuant to the investigatory report, that Claimant suffered no compensable loss. Claimant made a timely request for hearing.

At the hearing, Claimant testified that, because she was a victim of an aggravated battery, she used up 300 hours of her sick leave at work, as she was absent from work for two months. Pursuant to her employment, upon retirement, unused sick leave was counted as service time and increased her pension. Accumulated sick leave was unlimited at Claimant's employment. At retirement, her employer paid 50% of the sick leave to Claimant. Additionally, the employer counted the accumulated sick leave as service time in the company toward figuring the pension amount. Claimant submitted a final statement for vacation and sick leave balances. These forms, along with

Claimant's testimony, show that she lost 50% of 300 hours times $11.35 per hour or a total of $1,702.50. However, the Court is not able to determine the effect of the loss of 300 hours of sick time on Claimant's pension from the exhibit or the testimony presented.

## The Law

A victim of violent crime may be compensated for her pecuniary losses under the Act within the limits of the Act. However, the Act is a secondary source of compensation and recoveries from various sources are required to be deducted from awards made under the Act, while a lien is established on any possible recoveries from the perpetrator, since the Act is intended to aid innocent victims of crime where aid is forthcoming from no other source. *In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390.

Claimant's application indicates a claim for certain pecuniary losses. Section 2(h) of the Crime Victims Compensation Act (740 ILCS 45/2h) allows compensation for loss of earnings. Loss of earnings is determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

The investigatory report and the Court's prior order correctly point out that Claimant had no pecuniary loss as defined by the Act because she received sick pay from her employer for the time she was off work. It would appear to the Court that section 7.1(7)(h) (740 ILCS 45/7.1(7)(h)) reasonably covers the situation of the payment of sick leave by Claimant's employer. The sick leave is a benefit which compensates Claimant and is a primary source of recovery, where the Act is a secondary source of recovery. (*In re Application of House* (1993), 45 Ill. Ct. Cl. 540.) Claimant's claim is more a claim for loss of future earnings to the extent she would have been able to cash in

50% of her unused sick leave upon retirement. Section 2(h) (740 ILCS 45/2(h)) limits loss of future earnings to loss of future earnings because of disability resulting from the injury. Claimant presented no evidence of disability resulting from the injury in this case.

The Court further finds that Claimant failed to produce any evidence as to the effect of her loss of sick leave on her pension amount in dollar figures that the Court could determine with any certainty. While pensions are specifically excluded as a source which would reduce the amount of benefits (740 ILCS 45/10.1(e)), Claimant has not proven the amount of pension loss, if any, by a preponderance of the evidence. In a proceeding under the Act, the Claimant has the burden of proving all conditions precedent to an award by a preponderance of the evidence. *In re Application of George* (1993), 45 Ill. Ct. Cl. 483; *In re Application of Brown* (1992), 45 Ill. Ct. Cl. 476.

Claimant has failed to prove that she suffered a pecuniary loss as defined by the Act. For the foregoing reasons, it is the order of the Court that Claimant's claim be, and hereby is, denied.