(No. 93-CV-1843—)

*In re* APPLICATION OF MARY MANDLEY

*Order filed April 30, 1993.*
*Opinion filed January 30, 1995.*

MARY MANDLEY, *pro se*, for Claimant.

614

ROLAND W. BURRIS and JIM RYAN, Attorneys General (CHARLES A. DAVIS, JR. and PAUL H. CHO, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM

This claim arises out of an incident that occurred on August 8, 1992. The Claimant, Mary Mandley, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq*.

This Court has carefully considered the application for benefits submitted on January 15, 1993, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

(1) That on August 8, 1992, the Claimant was assaulted by two offenders who were not known to her. The incident occurred at 6436 North Greenview, Chicago, Illinois. Police investigation revealed that the Claimant went to the offender's home after her dog had bitten the offender's daughter. While attempting to discuss the incident, the Claimant became involved in an argument with the offender. During this argument, the offender and her son assaulted the Claimant, which resulted in her falling down the offender's front porch stairs. The Claimant sustained a broken wrist and left the offender's home. Charges of battery were placed against the offender and her son, but were later dismissed when the Claimant failed to make court appearances.

(2) That section 6.1(c) of the Act states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

(3) That it appears from an investigation by the Attorney General's office that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant, in that she failed to pursue the criminal prosecution of the offenders by not appearing in court. As a result of these actions, the criminal charges against the offenders were dismissed.

(4) That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, she is not eligible for compensation thereunder.

(5) That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

Frederick, J.

Claimant, Mary Mandley, seeks compensation for medical expenses pursuant to the Crime Victims Compensation Act (740 ILCS 45/1, *et seq*.), hereinafter referred to as the "Act." The claim arises out of an incident wherein Claimant has alleged that she was the victim of a battery that occurred on August 8, 1992. This court initially issued an order on April 30, 1993, denying the claim. The Court, relying on the investigatory report, denied the claim because the Claimant decided not to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant, in noncompliance with the requirement of section 6.1(c) of the Act. 740 ILCS 45/6.1(c).

On June 7, 1993, more than 30 days after the Court order denying the claim, Claimant requested a review by way of letter. Her letter states that she dropped the charges because she, "did not have the money to keep going to court." She wrote that she could not keep closing her day care and that she was also going to the doctor and therapy five times a week. She was also having domestic problems. While we could deny the claim solely on the basis that the request for review was not timely filed, we will discuss the testimony of Claimant.

A hearing was conducted on April 8, 1994, before the Commissioner, at which Claimant appeared and testified. Claimant testified that the circumstances of her life kept her from pursuing the prosecution of the offender. The circumstances she raises are as follows:

(a) Claimant was self-employed, taking care of children and could not afford paying someone to cover for her;

(b) Claimant was going through a divorce and had an order of protection in place (not against the offender on this battery);

(c) Claimant was going through therapy for her broken wrist;

(d) Claimant went to two court dates and she was exhausted; and

(e) Claimant was afraid the offender, a 16- to 17-year-old male living two doors from her, might take revenge on her son.

The incident which led to the battery arose because of a dispute over a dog. Claimant's wrist was broken and she was in a cast. Claimant operates a day care service (of three or four children) and does not have any employees. She pressed charges but when she went to court, the case was continued.

Claimant did not have health insurance and was not receiving Medicaid or other public aid. She presented two bills from Dr. Dennis B. Drennan in the sum of $700 and $125. Claimant is also still seeking the five expenses itemized in her application. She also had her glasses crushed. None of the bills have been paid.

On cross-examination, Claimant stated that when she told the "public defender" (an attorney she described as her attorney) that she could no longer make the court appearances, he went before the judge and said Claimant was dropping the charges. The charges were dropped.

Section 6.1(c) of the Act specifies that a person is entitled to compensation if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant. It is obvious that the attendance of multiple court appearances in a criminal proceeding present hardship, and inconvenience, to numerous victims or complaining witnesses. It may detrimentally impact one person more than others. However,

the Act requires a person to cooperate fully and does not recognize any exceptions based upon circumstances. In this case it appears that Claimant not only allowed the charges to be dropped, but agreed to the charges being dropped at one of the court proceedings.

The Crime Victims Compensation Act is intended to aid and assist crime victims under certain circumstances to receive compensation to help pay for the damages they have sustained but the rules and procedures applicable to such claims must be followed before the Court can award benefits. (*In re Application of Geraghty* (1989), 42 Ill. Ct. Cl. 388.) The Legislature provided the rules and this Court is bound by the acts and all procedures set forth by the Legislature before the Court can award any benefits under the Act. (*Geraghty* at 390.) The legislature has provided the rule that a claimant must cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant. (*In re Application of Dymon* (1992), 45 Ill. Ct. Cl. 460.) This Court cannot amend or modify the requirement of full cooperation in the prosecution of the assailant. It is up to the Legislature to create exceptions, not this Court.

It is clear from the testimony there was not full cooperation in the prosecution of the offender by the Claimant in this case. While we are sympathetic to the plight of Claimant, we are constrained to strictly follow the law. The Claimant has failed to prove by a preponderance of the evidence that she has met all conditions precedent for an award under the Act. For the foregoing reasons, it is the order of this Court that the claim be and hereby is denied.