(No. 96-CV-1740—

*In re* APPLICATION OF REBECCA RAMBERG

*Order filed February 26, 1996.*
*Opinion filed October 3, 1997.*
*Opinion filed December 31, 1997.*

REBECCA RAMBERG, *pro se,* for Claimant.

JAMES E. RYAN, Attorney General (PAUL H. CHO and DONALD C. MCLAUGHLIN, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on September 3, 1994. The Claimant, Rebecca Ramberg, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on December 6, 1995, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 3, 1994, the Claimant was beaten and robbed by several unknown offenders. The incident occurred at 1115 North Sacramento, Chicago, Illinois. While being questioned by the investigating police officer, the Claimant refused to give a full disclosure about the incident. Due to the Claimant's lack of cooperation, no further action was taken by the Chicago Police Department.

2. That section 6.1(c) of the Act states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant in that she refused to give a full disclosure about the incident to the investigating police officer.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, she is not eligible for compensation thereunder.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on September 3, 1994. The Claimant, Rebecca Ramberg, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq*.

On February 26, 1996, the Court, relying on the investigatory report, denied the claim. The Court found that Claimant failed to cooperate fully with the law enforcement officials in the apprehension and prosecution of the assailant pursuant to section 6.1(c) of the Act. The Claimant timely filed a request for hearing and the cause was tried before the Commissioner.

The evidence before the Court consists of the testimony of the Claimant and the police reports.

The Claimant testified that she was in the process of packing up personal property as she was moving. She was also in the process of selling some of the furniture. Two girls and a man agreed to buy some things and indicated they would come back with a truck. The three buyers came back. Instead of buying the property, the two girls locked the doors and the man beat the Claimant. The

Claimant was tied up with an extension cord and dragged into the kitchen. She was told she would be killed if she had them arrested. Claimant did not know the three suspects. Shortly thereafter, the suspects found Claimant trying to untie her feet. Then they picked Claimant up and threw her out the window. Claimant landed in the garden next to the house. She felt paralyzed.

The police were called when a witness found Claimant lying in the garden. An ambulance was called and Claimant was taken to the hospital. Claimant testified she talked to the police and told them everything, including giving them a description of the perpetrators. Claimant indicated that her back was broken. She had surgery and rods were put in her back. She was in the hospital for six weeks but no police made any inquiries. Claimant testified she worked for Jewel prior to the incident but has too much pain to work now.

Claimant did indicate that a Detective Jaglowski interviewed her. She agreed he may have asked her if the incident was drug related. Claimant indicated she told the detective it was not drug related and it was about selling furniture. She did not recall becoming hostile when the detective asked her if the incident was drug related.

Claimant testified she never saw the perpetrators before and did not know who they were.

Claimant indicated she had numerous medical bills which she had sent to the Attorney General. She did not know the full extent of the bills or if they had been paid by Public Aid. From what she understood, they all had been paid by Public Aid but she did not know for sure.

Claimant also testified she cleaned houses and worked for Jewel part-time. She claims a loss of support for her

13-year-old son. Claimant was receiving $250 per month from AFDC.

The Court has also carefully reviewed the police report. The reports substantiate Claimant's testimony in all factual respects regarding the occurrence. The reports indicate the police responded to a home invasion. The Claimant was found lying on the ground below a second-floor window. The Claimant told the police what occurred and the report taken by the police is consistent with Claimant's testimony. Claimant gave a description for the offenders but indicated she did not know them. The police reports indicate that "R/O's noted several inconsistencies in victim's statement." However, the alleged inconsistencies are not stated in the report and no police officers testified at the trial to explain the purported inconsistencies.

The supplemental report states: "During this interview [of the victim], it was determined that this incident might have been drug related and when the victim was confronted with this information, the victim became hostile towards R/O refusing to answer additional question." This confrontation occurred after the Claimant had related the information concerning the incident to the detective. The detective suspended the case. Detective Jaglowski did not testify at the trial to explain how the incident "might be" drug related. Claimant testified this incident was not drug related.

To receive compensation pursuant to the Act, a Claimant must prove by a preponderance of the evidence that she has met all conditions precedent for an award under the Act. (*In re Application of Cox* (1994), 47 Ill. Ct. Cl. 586.) Section 76.1 of the Act provides that a person is entitled to compensation under the Act if law enforcement officials were notified of the perpetration of the crime and the applicant cooperated fully with law enforcement

officials in the apprehension and prosecution of the assailant. *In re Application of Dymon* (1992), 45 Ill. Ct. Cl. 460.

Claimant testified that she reported the crime as she lay on the ground with a broken back and gave descriptions of the assailants who were not known to her. She testified she cooperated with police. She denied the incident was drug related. The best that can be said for the police report is the police thought there were some vague unidentified discrepancies in Claimant's version of the facts and that a follow-up detective thought the incident "might be" drug related. When Claimant denied the relation to drugs, the detective felt Claimant was hostile and suspended the investigation. No police officer testified at the trial to explain their suspicions to the Court.

The Court must decide a case based on the evidence. A review of the evidence leads to a finding that Claimant cooperated with law enforcement officials. Based on the evidence, we must reverse our order of February 26, 1996.

It is therefore ordered:

A. That the Court's order of February 26, 1996, is vacated.

B. That the Claimant cooperated with law enforcement officials.

C. That the cause is remanded to the Attorney General with directions to file a supplemental investigatory report indicating whether Claimant complied with all other conditions precedent to an award, whether Public Aid paid some or all of the medical bills, the amount of unpaid medical bills, if any, and the extent of lost wages and/or support.

D. That the Attorney General shall file its supplemental investigatory report within 120 days.

## OPINION

PER CURIAM.

This claim arises out of an incident that occurred on September 3, 1994. The Claimant, Rebecca Ramberg, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

The Claimant was denied compensation by order of the Court on February 26, 1996. This claim is now before the Court pursuant to a request for reconsideration filed by the Claimant on March 18, 1996.

This Court has carefully reviewed its prior order in this cause, the Claimant's request for reconsideration and a supplemental investigatory report by the Attorney General's office. Based on all of the above, the Court finds:

1. That on February 26, 1996, the Court of Claims entered an order denying compensation on the grounds that the Claimant failed to cooperate with law enforcement officials.

2. That on March 18, 1996, the Claimant requested the Court to reconsider her claim and the case was assigned to Commissioner Jerry Douglas Blakemore on April 3, 1996.

3. That on February 27, 1997, subsequent to a hearing conducted by Commissioner Jerry Douglas Blakemore, the Court entered an order vacating its original decision. The Court ruled that the Claimant had cooperated with law enforcement officials and that the Claimant is eligible for compensation. The Court also directed the

Attorney General's Office to file a supplemental investigatory report indicating the award amount for medical/hospital expenses and for loss of earnings.

4. That the Illinois Department of Public Aid has assumed responsibility for the Claimant's medical/hospital expenses with the exception of $361.95, for which the Claimant is responsible. To date, the Claimant has paid nothing towards this amount.

5. That after considering insurance and other sources of recovery, the Claimant's net compensable loss for medical/hospital expenses is based on the following:

| | Compensable Amount |
|---|---|
| St. Clair Radiology | $184.00 |
| Sherman Hospital | 177.95 |
| Total | $361.95 |

6. That section 8.1 of the Act states that no award of compensation shall be made for any portion of the applicant's claim that is not substantiated by the applicant.

7. That the Claimant has indicated that she was employed during the six months preceding the incident. However, the Claimant has not submitted documentation to substantiate her net earnings or her period of disability. Therefore, the Claimant has not met required conditions precedent for loss of earnings under the Act.

8. That the Claimant has complied with pertinent provisions of the Act and is entitled to compensation thereunder.

9. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid solely and directly to the provider of services. In the instant case, the Court finds this section applicable and orders that direct payment be made.

It is hereby ordered that the sum of $184 (one hundred eighty-four dollars) be and is hereby awarded to St. Clair Radiology for the medical expenses of Rebecca Ramberg, an innocent victim of a violent crime.

It is further ordered that the sum of $177.95 (one hundred seventy-seven dollars and ninety-five cents) be and is hereby awarded to Sherman Hospital for the medical expenses of Rebecca Ramberg.